HUTCHEN and Another *v.* NIBLO.

An insolvent debtor, imprisoned on an execution issued by a justice of the peace, must make his application for relief from imprisonment to two justices of the peace.

A statute should be so construed that every part of it, if possible, may be operative.

ERROR to the *Franklin* Circuit Court.

DEWEY, J.—*Niblo* instituted an action against *Hutchen* and *Berry* on an obligation, the condition of which, after reciting a judgment rendered by a justice of the peace, and an execution upon it issued by him, on which *Hutchen* had been imprisoned in the jail of *Franklin* county, stipulated " that he should from and after the execution of said obligation, continue a true prisoner in the custody of the jailor, or keeper of the prison of the county aforesaid, and within the limits of the jail bounds, without attempting any manner of escape until discharged by law." The breach assigned is, "that *Hutchen* did not, from and after the execution of the said obligation, continue a true prisoner in the custody of the jailor, or keeper of the prison of

the county aforesaid, and within the limits of said prison bounds, without attempting any manner of escape until discharged by law; but on the contrary, broke said prison bounds, and made his escape therefrom, without being lawfully discharged."

Under an agreement by the parties to let in special matter in defence without pleading, the plaintiffs in error offered to prove that *Hutchen*, as an insolvent debtor, filed his petition, schedule, affidavit, and bond with surety, in the office of the clerk of the *Franklin* Circuit Court; that he procured the supersedeas of the clerk, and was by virtue of it discharged from imprisonment. *Niblo* objected to the admission of this testimony. The Circuit Court sustained the objection and rendered judgment in his favour.

The only question presented for the consideration of this Court is,—was the rejection of the evidence offered to be given error?

The statute for the relief of insolvent debtors, approved *February* 9th, 1831, prescribes, in the 1st section, the mode of obtaining relief by application to the Circuit Court in term time, whether civil process shall have issued against the insolvent or not. The 10th section provides a remedy for an insolvent person, who shall have been arrested in vacation by virtue of any civil process. He is to make his application at the clerk's office. It was under this section, that *Hutchen* filed the petition, schedule, affidavit, and bond, and procured the supersedeas and discharge which he offered in evidence, and which were rejected by the Court on the trial below. The 14th section enacts, "that if any person shall be taken and charged in execution issued on any judgment obtained before any justice of the peace, it shall be lawful for any two justices of the peace of the county" to grant the relief sought; and prescribes the mode of proceeding,—which is essentially different from that directed by the 1st and 10th sections (1).

It is contended by the plaintiffs in error, that *Hutchen*, being an insolvent debtor, in prison upon an execution issued by a justice of the peace, had a right to make his application for relief from imprisonment, either to the clerk of the Circuit Court under the 10th, or to two justices of the peace under the 14th section of the statute. We think this position is not tenable.

It is true, that the phraseology of the 10th section may be so construed as to include all insolvent persons detained upon civil process—from whatever authority emanating—without violating its letter; though its terms are more naturally appropriate to the process of the higher Courts. It cannot, however, receive such a construction without infringing that well known rule of law,—that statutes shall be so construed as to render every part of them operative, if possible. If the legislature designed that an insolvent person, imprisoned upon an execution issuing from a justice of the peace, should have the same right to seek redress from the Circuit Court in term, or from the clerk in vacation, that an insolvent debtor amenable to or imprisoned by the process of that Court has, the 14th section of the act is wholly unnecessary; and serves no other purpose than that of creating a senseless multiplicity of remedies for insolvents imprisoned by justices of the peace, while all others have but one mode of relief. This view of the subject, taken in connection with the consideration, that different manners of notifying creditors of the insolvent's application for relief, and different forms of oaths, are by the statute prescribed to the two classes of insolvent debtors, is, we think, conclusive, that the Circuit Court was correct in rejecting the evidence offered to be given by the plaintiffs in error.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*G. Holland,* for the plaintiffs.

*J. Ryman,* for the defendant.

(1) Rev. C. 1831, p. 199.　Acc. Rev. Stat. 1838, p. 227 to 233.