Chief Justice Robertson
delivered the Opinion of the Court
The judgment sought to be reversed in this case, was rendered on an award purporting to have been made in May, 1835, upon a submission, by order of Court, of an action of assumpsit pending between the parties; and the plaintiff in error objected to the judgment, on the ground, that the arbitrators, having exhausted their power by making a previous award, in March, 1835, had no authority to make the award of May succeeding, and which, as he contended, was therefore void.
The award of March was produced by the plaintiff, and was proved to have been signed and sealed by the arbitrators. It appears, also, on its face, to have been final and complete. But there is no proof of its having been delivered to the parties, or of their having been notified of it by the arbitrators, excepting what may be inferred from the fact, that it seemed to have been-perfected, and was exhibited in Court by the plaintiff, Without any testimony as to the manner in which he procured it, or any other evidence counteracting the presumption that it had been delivered to him by the arbitrators. It is our opinion therefore, that prima facie we should presume that it had been delivered to the plaintiff, by the arbitrators, as their award.
Then the only question to be considered, is whether the arbitrators had any authority to make another award. And we think they had not.
In Marlin vs. Oneal (2 Litt. Rep. 54,) this Court said that, after an irregular and insufficient award had been made and returned to Court, a subsequent award in the. 'same case, without a new submission, was unauthorized, and therefore void. As the point did not occur in that case, the Court did not decide whether the last *614 award would have been authorized had the first not been returned to Court, but only made out. and reported to the parties; and there is nothing in the opinion in that case which can be considered as concluding the question now to be decided in this.
It seems to be well settled, on principle and authority, that, the power of arbitrators being special, when they have once decided the controversy submitted to them, and completed an award, and given the parties notice thereof, they have exhausted all the authority delegated to them, and cannot change their decision, or even amend their award, without new authority. Caldwell on awards, 69, 70, and the cases there referred to.
Consequently, as we must infer, from the facts stated in the bill of exceptions, that the arbitrators had made an award in March, and delivered copies of it to the parties, we are of the opinion that the subsequent award, on which the judgment was rendered, was void for want of legal authority to make it; and that, therefore, the judgment upon it is erroneous.
Wherefore, it is considered that the judgment be reversed, and the cause remanded with instructions tQ quash the award of May, 1835.