SOLOMON DOWNER *v.* JOHN DOWNER.

WINDSOR,
*February,*
1839.

Referees may be governed, in their decisions, as well by principles of equity as by those of law. If it does not appear that they have misapplied or been misled in the application of their principles, their report will not be set aside.

When referees have found a fact, and have not reported all the testimony on which they found it, nor been requested so to do, the court will not set aside the report.

COVENANT broken, on the following instrument, viz:

"Received of Solomon Downer the sum of five hundred
"and twenty four dollars and eighty five cents, in demands
"assigned and transferred this day by John Tinney to the
"said Solomon and myself, which demands are appropriated
"to the payment of claims which the said Solomon and my-
"self hold against the said Tinney, in proportion to our re-
"spective claims against the said Tinney,—the sum of my
"claim amounting to $1232, and that of the said Solomon
"amounting to $1804,85. And I am to use all due exer-
"tions to collect said demands, and the avails are to be di-
"vided in the aforesaid proportion. And I am, also, to deed
"to said Solomon such share of the brewery premises as
"may belong to him, taking into view our respective claims
"against said Tinney, and also the dwelling house, store,
"potash and cooper's shop. And all the land and appurte-
"nances, thereto appertaining, are to be divided in the same
"manner, and I am to deed accordingly.

JOHN DOWNER.  [L. S.]

Dated at Hartford, this 28th day of April, A. D. 1827."

The declaration contained two counts. The first assigned, as a breach of said covenant, that the defendant had collected said demands, and had failed to pay plaintiff his share of the moneys collected. The second assigned, as a breach, that the defendant had not conveyed, by deed, to the plaintiff, the share of the brewery premises belonging to the latter.

The defendant pleaded performance and an offset, to which the defendant replied non-assumpsit and an offset, and all the issues were joined to the jury.

In this state of the proceedings, the action was referred, and the referees made the following report:

" The plaintiff, in support of his declaration and of his re-

" plication in offset, presented several items of claims against
" the defendant, and the defendant, in support of his plea
" in offset, presented several items of claims against the
" plaintiff, all which were duly considered by the referees :

" The plaintiff, also, produced and read in evidence, with-
" out objection, the instrument declared upon,—also a deed
" of warranty from the defendant to Phineas Parkhurst, da-
" ted January 23, 1828, conveying to said Parkhurst seven
" tenths of the brewery premises,—also a quitclaim deed
" from John Tinney to defendant, dated April 24, 1827, of
" all said Tinney's right, title, &c. to the said brewery pre-
" mises, and some other real estate.

" The defendant produced and read in evidence, without
" objection, a warranty deed from the plaintiff to Phineas
" Parkhurst, dated August 7, 1827, of three tenths of said
" brewery premises, and also a quit-claim deed from the de-
" fendant to the plaintiff, dated February 26, 1828, of 'such
" 'share or proportion of th brewery premises, dwelling
" 'house, store, potash and cooper's shop, and all the land
" 'and appurtenances thereto annexed and appertaining,
" 'which were owned by John Tinney in said Hartford, and
" 'were deeded by said Tinney to said John Downer,—ref-
" 'erence being had to said deed for a description thereof—
" 'as justly belongs to said Solomon Downer, taking the said
" 'Solomon's claim against said Tinney, viz, $1804,85, and
" 'said John's claim against said Tinney, viz, $1232, as the
" 'basis of the division, that is, the said premises are to be
" 'divided and owned by said Solomon and said John, accor-
" 'ding to their respective claims, as aforesaid." '

" The referees find, that the premises conveyed by said
" Tinney to the defendant are the same brewery premises
" named in the instrument declared upon by the plaintiff.

" The defendant offered parol evidence that he was equit-
" ably the owner of one undivided half of the said brewery
" premises, before the said conveyance from said Tinney to
" the defendant ; that this was a matter of public notoriety
" in the neighborhood, and was known to the plaintiff before
" and at the time of the execution of the instrument declared
" upon, and that the said instrument was executed in haste
" and without reflection, and that the defendant was not

" equitably bound to deed to the plaintiff any greater share " than about three fifths of one half of said premises, and that " the same was so understood by the parties at the time of " executing said paper, and so intended.

" The above testimony was objected to by the plaintiff as " being inadmissible. The objection was overruled by the " referees, and the testimony admitted. The referees find, by " the testimony so objected to, that the defendant was not " equitably bound to deed to the plaintiff any more than such " proportion of an undivided half of said premises as was " specified in the said writing declared upon, and that he " had already conveyed such proportion to the plaintiff.

" Now, if the court should be of opinion that the referees " had authority, under the rule of reference, to ad- " mit the parol testimony aforesaid, then the referees find, " that the plaintiff ought to be barred from having and " maintaining his action against the defendant, so far as re- " lates to the conveyance of the brewery premises.

" The referees meant to decide, and did decide, that, if " they had authority, either upon legal or equitable prin- " ciples, to admit the testimony, in relation to the brew- " ery premises, which was objected to, and had authority, " upon legal or equitable principles, to give effect to said tes- " timony, then the referees disallow all claim on the part of " said Solomon Downer, for any part of the said brewery pre- " mises. In which case, the referees find that the plaintiff is " indebted to the defendant, as alleged in the defendant's plea " in offset, in the sum of $55,40 ; and we find that the de- " fendant is indebted to the plaintiff, as alleged in the plain- " tiff's replication in offset, in the sum of $21,30, leaving a " balance due the defendant of $34,10.

" But if the court should be of opinion that the the refer- " ees had no authority, under the rule of reference, in this " case, to admit the parol testimony and give effect to the " same, as aforesaid, then the referees find that the plaintiff " ought not to be barred from having and maintaining his " said action against the defendant, so far as relates to the " said brewery premises, and, therefore, find, that the plain- " tiff ought to recover of the defendant as the value of that " portion of said premises to which the plaintiff was entitled,

" and not heretofore conveyed, after deducting therefrom a
" just proportion of a certain incumbrance on said premises,
" at the time of the said deed from the said Tinney to de-
" fendant, which justly belonged to the plaintiff and
" defendant jointly to remove, the sum of $113,08, ma-
" king the whole amount of claims, found due the plain-
" tiff from the defendant, the sum of $134,38, leaving a bal-
" ance due to the plaintiff in this suit, and which he ought to
" recover of the defendant, of the sum of $78,98, together
" with the costs of this reference and the costs of court. In
" this report the referees are unanimous.

" All which is respectfully submittted.

JULIUS CONVERSE, ⎫ Refer-
AARON LOVELAND, ⎬ ees.
JOHN WRIGHT. ⎭

" Woodstock, Nov. 22, 1838."

"On the trial before the referees, it was contended by the
" plaintiff, that, by the accompanying paper, (marked F.)
" which the plaintiff introduced, he was legally entitled to all
" the demands referred to in the instrument declared upon,
" subject to no division, and that the defendant must account
" with him for the amount of said demands. But the referees
" decided, and meant to decide according to law, that such was
" not the legal effect of such writing, but said writing was evi-
" dence of a division of the John Tinney demands, agreeably
" to their respective claims against said Tinney. And there was
" also other testimony to the same point. And from said paper,
" with other testimony given on the trial, we found there was
" nothing due to the plaintiff from the defendant towards said
" Tinney demands.

" To the Honorable County Court, now sitting.

" The undersigned referees request that the foregoing
" statement, together with the accompanying paper, marked
" F. be made a part of their report.

JULIUS CONVERSE, ⎫ Refer-
AARON LOVELAND. ⎬ ees.

The paper referred to in the above report as marked F. was
as follows, to wit :

" This 25th day of February, 1828, I made a division of
" the John Tinney claims with Solomon Downer, and said
" Solomon Downer is hereafter to own all of said claims, ex-

WINDSOR,
February,
1839.

Downer
v.
Dowuer.

" cept what were divided at Phineas Parkhurst's, and I am to " pay what I received more than my share on said division, " excepting Timothy Marvin's account and the Nathaniel " Dustin claims, and I am to have out of the last mentioned " claims the sum of seventy five dollars ;—the remainder to " be divided. And also Timothy Dustin's note, and one " against W. Gaffield, and also one against Zavan Hazen, " and also all collected in W. Lyman's office are hereafter to " be divided.

JOHN DOWNER."

The plaintiff filed exceptions to the report of the referees, but the county court rendered judgment upon said report in favor of the defendant.

To which the plaintiff excepted.

T. Hutchinson, for plaintiff.

I. Neither a court of law nor referees, appointed by such court, have power to admit parol evidence, to invalidate a deed by showing a mistake in its execution. Hunt v. Rousmanier, 5 U. S. Cond. R. 409. 3 Stark. Ev. 996, 1002, 1009. Bradley v. Anderson, 5 Vt. R. 152.

The rules of evidence are the same before referees, as before a court. Bradley v. Bentley, 8 Vt. R. 243. Randall v. Phillips, et al. 3 Mason's R. 393. Renner v. Bank of Columbia, 5 U. S Cond. R. 694.

The parol evidence, admitted by the referees, had no tendency to prove the contract void. It only went to show, that equity required the parties to have made a different contract from the one really made.

II. The referees, aiming to decide according to law upon the effect of the writing, inserted in their report, marked F. held that it was a discharge of all the plaintiff's claim, under this first count of his declaration.

This question must be decided by this court, upon the examination of the instrument itself, in connection with the principles of law.

1. It is an instrument not executed by the plaintiff, nor purporting to convey any rights whatever to the defendant.

2. It is an instrument executed and delivered by the defendant to the plaintiff, and expressly acknowledges the

WINDSOR,
*February,*
1839

Downer
*v.* .
Downer.

plaintiff to be the owner, in all time then future, of all the said claims, except the two or three, therein named as excepted.

3. Even were it an instrument executed by the plaintiff to the defendant, there is no expression in it which can be construed to destroy the plaintiff's claim to his two thirds of the $524, 85 ;—much less can it have any such effect when executed by the defendant to the plaintiff. Further, if such were to be the construction of this writing, what was there of which the plaintiff was to be the future owner ?

The report mentions, that there was other evidence to the same point. To what point ? About a division perhaps. That could have nothing to do with the legal construction of this instrument. There might be, and must be, extraneous testimony, about what demands existed, upon which this writing might operate, and for no other purpose could such testimony be legally admissible.

. *C. Marsh* and *D. Pierce*, for defendant.

I. Referees, under a general rule of submission, have the same authority, and are clothed with the same powers as a board of arbitrators. They have all the powers of a court of chancery, and when, in their opinion, it becomes necessary, for the purpose of doing full justice between the parties, they may disregard even the ordinary rules of a court of chancery. Cald. on Arb. 52, 53, 45. *Hazeltine* v. *Smih,* 3 Vt. R. 535. *Bliss* v. *Rollins,* 6 do. 529. *Hogaboom* v. *Herrick,* 4 do. 131. *Stevens* v. *Pearson,* 5 do. 503. *Rice* v. *Clark,* 8 do. 104. *Underhill* v. *Vancortlandt,* 2 Johns. Ch. R. 339. *Emerson* v. *Udall,* 8 Vt. R. 357. *Gillespie and wife* v. *Moon,* 2 Johns. Ch. R. 585.

II. Upon the effect of the paper, marked F. it sufficient to say that the referees have found that the plaintiff had received all the money, collected from the demands mentioned in that paper, belonging to him. They have not reported the testimony and this court will not presume that it was insufficient.

The opinion of the court was delivered by

COLLAMER, J.—It appears that the defendant covenanted to convey to the plaintiff about three fifths of certain lands deeded him by Tinney, but has conveyed only three fifths of one half thereof, as he had before conveyed away all but

that, being seven tenths, to Parkhurst. On the hearing before the referees, the defendant was permitted to show, by parol, that, before Tinney deeded to him, he was the equitable owner of one half of the land, and this was well known to the plaintiff, and that, in truth, the defendant only agreed to convey to the plaintiff three fifths of Tinney's half, but by mistake, this writing was made to cover three fifths of the whole. This being proved, the referees awarded that the plaintiff should not recover on the covenant. It has been so frequently decided by this court that referees are not bound to proceed by legal principles, strictly, that this needs no further comment. These referees say they intended to proceed by equitable principles. Were they misled in the *application* thereof? The testimony showed that the covenant was drawn, *by mistake,* to cover more than was the real contract, and that the real contract had been performed.— That such mistake could be shown, in equity, by parol, is past question, and, if proved, it must be obviously inequitable for the plaintiff to recover. We perceive no improper assumption of power by the referees, nor any mistake in the application of their principles.

The plaintiff introduced the paper marked F. and insisted that by the terms thereof he was entitled to all the demands therein mentioned, subject to no division. The referees report that, from the paper *and other testimony* on the same point, they found the plaintiff was not entitled to the whole of said demands, and that he had received all which belonged to him. The referees do not report the testimony on which they found this, nor does it appear that they were ever requested so to do. We cannot presume what that testimony was, or whether it was in writing or by parol. It is useless for us to decide whether the writing showed a *division* of the demands,—though we are inclined to that opinion,—as we cannot set aside the report when but a part of the testimony is before us. A report of referees would not generally be set aside, even if the whole testimony were reported, unless that testimony was all in writing and the decision was made on the legal construction of the writing.

Judgment affirmed.