THE INDIANA
CENTRAL
RAILWAY CO.
*v.*
BRADLEY.

A pleading stricken out on motion is not in the record, unless put in by bill of exceptions.

*Monday,*
*November* 26.

———•◦•◦•———

THE INDIANA CENTRAL RAILWAY COMPANY *v.* BRADLEY and Others.

| 15b | 23 |
| 136 | 696 |
| 136 | 699 |

In *October*, 1854, *B.* and *P.* recovered judgment against the *Railway Company*, in an action founded, as to one paragraph of the complaint, upon a contract entered into with the *Railway Company*, in *April*, 1852; and as to another paragraph, upon a claim for work and labor. The action was referred, upon an agreement waiving all pleadings after the complaint, and providing for the settlement of all matters of dispute between the parties, whether included in the complaint or not. Report by the referee, and judgment accordingly for *B.* and *P.* Execution was sued out upon the judgment, and a levy made upon lands of the company. The lands were appraised, under the R. S. 1852, at their fair cash value, and were sold at two-thirds of the appraisement. The rents and profits were not appraised. After the sale of a portion of the lands levied upon, those remaining unsold not being sufficient to satisfy the residue of the judgment, the sheriff levied upon other lands, and sold them first. Suit by the *Railway Company* to set aside the sales made on the execution.

Nov. Term,
1860.

THE INDIANA
CENTRAL
RAILWAY CO.
v.
BRADLEY.

*Held*, that, as it does not appear whether the evidence before the referee was confined to the matters in controversy arising out of the contract of *April*, 1852, or whether evidence was given as to other matters in controversy between the parties, the appraisement law in force at the rendition of the judgment should control: if it was subject to appraisement at all, a point not raised.

*Held*, also, that the sheriff should have levied upon enough property in the first instance to have satisfied the execution; but not having done so, it was his duty to do so in a reasonable time thereafter, and there was no abuse of his discretion in offering it for sale, whether in the order of levy or not.

*Held*, also, that the rents and profits of the lands levied upon should have been appraised, and this not having been done, the sales were void.

*Monday,*
*November* 26.

APPEAL from the *Marion* Circuit Court.

HANNA, J.—This was a proceeding to set aside the sale of certain lands, by the sheriff, upon execution. There was judgment for the defendants. The points made are: 1. That the sale was for two-thirds, when it should have been for the full appraised value; 2. That the appraisement was illegal; and 3. That the property first levied upon should have been first sold.

The judgment, under which the sale was made, was rendered at the *October* Term, 1854, of the *Marion* Circuit Court. The suit, which resulted in said judgment, was originally instituted upon a contract between *Bradley & Prall*, and said appellant, entered into on *April* 7, 1852. The first paragraph of the complaint, in that case, was founded upon alleged breaches of that contract. The second, was for work and labor, &c. The contract itself, was for the construction of the road of the appellant. That case was referred without any pleadings, other than the complaint. The agreement to refer the case was as to "all matters in controversy therein, and all matters in controversy between the parties, of every nature and kind whatsoever." The order of the Court in referring the case, shows that the parties appeared and, "waive all pleadings herein, except the complaint, and agree that each party may adduce proof in reference to all matters in controversy between the parties, whether included in the complaint or not."

The first point presented is, that the appraisement law in

force at the date of the contract—to-wit: *April* 7, 1852— should control the sales under the judgment. This position is resisted, on the ground that there is nothing in the record of that original cause showing that the report of the referee, and the judgment of the court, were based upon the special contract; but that they might have been founded upon proof adduced in reference to matters in controversy, other than those mentioned in that complaint. No proof was offered, if such could have been admitted, as to that point, other than the record.

Nov. Term,
1860.

The Indiana
Central
Railway Co.
v.
Bradley.

The answer, in this case, set up the record of the reference, report, judgment, &c.

We are of opinion, as the "jurisdiction of the referee, under the submission, was limited only by the course of evidence, beyond the matters alleged in the complaint," 7 Ind. 51; and as that evidence was not in the record, *Id.* 58; that therefore we are not informed as to whether the evidence before the referee was confined to the matters in controversy, arising out of the contract of *April*, 1852, or whether evidence was given as to, and the report and judgment based upon, other matters in controversy between the parties. It follows that the appraisement law in force at the time of the rendition of the judgment should control. (If it was subject to appraisement at all, a point not raised.) *Hunt* v. *Gregg*, 8 Blackf. 108.

By the statute then in force, 2 R. S. 1852, 137, property was required to be appraised at the cash value thereof, and could not be sold on execution for less than two-thirds of that appraisement.

The argument urged under the second point made, is that the appraisement was at the "cash value," adopting the language of the law of 1852; and not at the "fair value," in pursuance of the law of 1843.

The conclusion we have arrived at, as to the first question, precludes the necessity of examining whether these are convertible terms.

The third point is not well taken. The appraised value of the property first levied upon was about $19,000. The amount of the execution was over $26,000. All the property

first levied upon was not sold at the first sale; before the balance was sold, another levy was made, and property included in the second levy was sold before that balance. We see no hardship in this. The officer should have levied upon enough, in the first instance, to have, apparently, been sufficient to satisfy the execution; as he did not, it was clearly his duty to do so in a reasonable time thereafter; and until he had levied upon enough, at its reasonable value, to satisfy the writ, we can not perceive that there was any abuse of his discretion in offering it for sale, whether in the order of levy or not. We do not decide as to the effect of the second levy, &c., if the balance left undisposed of, at the first sale, had been of the value of the remaining part of the debt.

The next point is, that the property was offered and sold without the rents and profits having been first appraised. This is a fatal objection to the whole proceeding on the execution, in the attempt to sell. *Davis* v. *Campbell*, 12 Ind. 192. The evidence is in the record. No appraisement of the rents and profits appears. There is not, in express terms, any averment in the complaint, in this proceeding, of a breach of duty by the sheriff in offering the property without such appraisement. But it contains general averments of a want of a proper appraisement, and of a wrongful sale, &c., which, we think, is, under the circumstances, sufficient to let in the evidence.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. S. Newman, O. Newman, H. C. Newcomb,* and *J. S. Tarkington,* for appellant.

*J. L. Ketcham* and *Isaac Coffin,* for appellees.