Evans *v.* Wadkins.

# IN GENERAL TERM, 1872.

MADISON EVANS *v.* DAVID H. WADKINS, Appellant.

Appeal from BLAIR, Judge.

APPRAISEMENT—*when ineffective—Sale under, when void*—
APPRAISERS—*how chosen*—
STATUTES *construed.*

An appraisement should not be of the rental value in gross for the term of seven years, but of each year separately, otherwise it is not such an appraisement as will authorize the offer by the Sheriff, of the rents and profits.

An appraisement made without the knowledge of the execution defendant, and without notice to his agent, or attorney to select an appraiser, but instead such appraiser is selected by the Sheriff, renders the appraisement ineffective, and the sale following it void.

The right of an execution defendant to select one appraiser is not confined to levies on personal property merely.

*Sec.* 447, of the Code, as well as *Sec.* 450, show the legislative purpose to be that both real, and personal property are to be appraised in like manner, and appraisers chosen in the same way.

A statute is not always to be construed literally, nor should one of several sections be construed alone when such construction would work an injustice, or become an absurdity.

The intent of a statute, as collected from the whole, and all its parts will prevail over the literal import of particular terms, and control its strict letter, where the latter would lead to possible injustice, or contradiction.

*Test, Burns & Wright,* for appellant.

*Perrin & Baker,* for appellee.

NEWCOMB, J.—The suit at Special Term was brought by Mason, the appellee, to set aside a sale by the Sheriff, of certain real estate in the city of Indianapolis, belonging to

plaintiff, which was sold on an execution in favor of Wad-
kins, the appellant, and purchased by the latter. A demurrer
to the complaint was overruled, and the defendant excepted.
A general denial was then filed, the cause submitted to the
Court, which found the facts specially, with the conclusions
of law arising thereon.

The special finding sets forth the facts substantially as
stated in the complaint, as follows: Execution was issued to
the Sheriff, on a judgment in the Marion. Common Pleas, in
favor of Wadkins, and against Mason. The Sheriff failing
to find any personal property belonging to the defendant,
levied the execution on his real estate described in the com-
plaint, had the rental value for seven years, and the fee simple
of each tract, appraised, and sold the fee simple, after the
proper advertisement, to the execution plaintiff, at two-thirds
of the appraised value thereof; that the appraisement was
made wholly without the knowledge of the execution
defendant, although he was a resident of the city of
Indianapolis, where said property was situate, and lived on,
and occupied one of the lots so sold; that no notice was
given him, his agent, or attorney, to select an appraiser; that
he had no actual knowledge of the levy upon, or sale of said
real estate, until after the Sheriff's deed had been executed to
the purchaser, though the Sheriff had notified him that he
held the execution, and that he had been directed to levy the
same upon the real estate in question.

The Court further found that the appraisers appraised the
rents and profits of each of the two lots for seven years at
$10.00, and the fee simple of one lot at $75.00, and of the
other at $50; that the actual value, as shown by the evidence,
of the rents and profits for one of the lots for seven years
was $420.00, and the fee simple $333.33, and that the value
of the rents and profits for seven years of the other .lot was
$700.00, and the fee simple $666.66, and that the prior incum-
brances on the whole did not exceed $40.00.

As a conclusion of law from the foregoing facts, the Court found that the appraisement, sale, and conveyance of said real estate were illegal and void, and should in all things be set aside, and held for naught, and rendered judgment accordingly, having overruled a motion in arrest.

An exception was duly taken to the conclusions of law found by the Court.

The only question in the case, as made by the pleadings, is, whether the failure of the Sheriff to notify Mason to select an appraiser, and selecting said appraiser himself, renders the sale void. The statutes governing the appraisement of property on execution, so far as it is important to notice them in this case, are as follows: See 2 G. & H., pp. 242 and 243.

"Sec. ccccxlv. No property shall be sold on any execution, or order of sale issued out of any Court, for less than two-thirds the appraised value thereof, exclusive of liens and incumbrances, except where otherwise provided by law."

Sec. ccccxlvi. The Sheriff, immediately upon levying an execution, shall proceed to ascertain the cash value of such personal property."

"Sec. ccccxlvii. For that purpose two disinterested householders of the neighborhood where the levy is made shall be selected as appraisers, one of whom shall be selected by each of the parties, or their agent, or in the absence of either party, or his agent, or upon the refusal of either party, after three days notice by the Sheriff to make the selection, the Sheriff shall proceed to select the appraisers. They shall forthwith proceed to appraise the property according to its cash value at the time, deducting liens and incumbrances; and in case of their disagreement as to the value, they shall select a like disinterested appraiser, and with his assistance shall complete the valuation, and the appraisement of any two of them shall be deemed the cash value."

\*        \*        \*        \*        \*        \*        \*

" Sec. cccccl.   The Sheriff shall furnish the appraisers a schedule of the property levied on, with the incumbrances made known to him, and they shall proceed to fix and set down opposite to *each tract, lot, or parcel of real estate*, and of the several articles of personal property, the cash value, deducting liens, and incumbrances, which schedule they shall return to the Sheriff."

The appellee takes the position that Section 447, above quoted, is applicable only to the appraisement of personal property, and therefore it was not necessary for the Sheriff to notify the execution defendant to select an appraiser, and this argument is based on the use of the phrase, " such personal property," in the preceding section.

That such a construction is not in harmony with the intention of the Legislature is manifest from the other sections we have cited, and would either deprive an execution defendant of the benefit of the appraisement laws so far as real estate is concerned, or prevent sales of real property on execution, in every case where the law does not provide for a sale without appraisement.   Sections 447 and 450 plainly show the legislative purpose to be that both real and personal property are to be appraised in like manner, and that the appraisers are to be chosen in the same way in each case. Otherwise the provision of Section 450, requiring the appraisers " to fix and set down opposite to each tract, lot, or parcel of real estate" the cash value, &c., would be meaningless, and inoperative.   One of several sections of a statute will not be construed alone when such construction would lead to injustice or absurdity; but the intent of a statute as collected from the whole and all its parts, will prevail over the literal import of particular terms, and control its strict letter, where the latter would lead to possible injustice and contradiction.   *City of Jeffersonville* v. *Weems et al.*, 5 Ind., 547; *Allison* v. *Hubbell*, 17 Ind., 559; *The State ex rel Benton* v. *The Mayor, &c., of Laporte*, 28 Ib., 248; *Miller* v. *The*

*Board of Commissioners, &c.,* 29 Ib., 75. Every part of a statute should receive effect if possible—*Hutchen.* v. *Niblo,* 4 Blackf., 148; *Green.* v. *Cheek,* 5 Ind., 105; *Stayton* v. *Hulings,* 7 Ind., 144.

And, in construing a statute it is proper to look to its effects. Statutes are not always to be construed literally. *Donnell* v. *The State,* 2 Ind., 658.

In the light of these rules of construction, and from the provisions of the succeeding sections of the statute governing the appraisement, and sale of property on execution, we cannot hold that the right of a defendant to select one appraiser is confined to levies on personal property alone, but the construction must be as if the word "personal" were omitted from Sec. 446, or the words "or rent" were inserted between that and the word "property." In this way, effect is given to every part of the statute, and the benefit intended to be secured to a defendant is accomplished.

The appraisement having been illegally made was ineffective, and the sale following it was void. *Davis* v. *Campbell,* 12 Ind., 192; *Doe ex dem Holman* v. *Collins,* 1 Ib., 24; *Tyler* v. *Wilkinson,* 27th, Ib., 450; *Cummings* v. *Foote,* 13 Ib., 144; *Fletcher* v. *Holmes,* 25 Ib., 458.

Although it is not specially set forth in the complaint as a ground for setting aside the Sheriff's sale, and deed, the record presents another fatal defect in the appraisement.

Sec. ccccLxiv. of the Code of Practice, (2 G. & H., 249,) provides that " rents and profits may be sold as other property, the appraisers setting down the value of each year separately."

The appraisement in this case was of the rental value in gross for the term of seven years, and not the value of each year separately. Consequently it was not such appraisement as authorized an offer of the rents and profits by the Sheriff, and precluded a legal sale of the fee simple. *The Indiana Central R. W. Co.* v. *Bradly & Prall,* 15 Ind., 23.

The judgment at Special Term is affirmed with costs.