GOODTITLE, on the Demise of COOK, *v.* CUMMINS.

That part of a sheriff's return to an execution of his having sold certain land, which names the day of sale, is not material, and may be contradicted by parol evidence.

May Term,
1846.

GOODTITLE
v.
CUMMINS.

Monday,
July 20.

A purchaser of real estate for value without notice is not affected by the notice to his grantor.

ERROR to the *Noble* Circuit Court.

BLACKFORD, J.—Ejectment for a tract of land in the county of *Noble*. Plea, not guilty. Verdict for the defendant; motion for a new trial overruled; and judgment on the verdict.

On the trial, the plaintiff proved a judgment rendered in 1838 in favour of one *Fury* against the defendant, and a *fieri facias* issued on the judgment, with a return stating that the sheriff had, on the 1*st of February*, 1839, levied on the land in question, and had sold the same to *Howe* on the 9*th of the same month*. He read in evidence the sheriff's deed to *Howe* for said land, which recited that the sale had been made on the 9*th of April*, 1839; and he introduced, also, a deed for the land to his lessor from *Howe*. The plaintiff offered to prove, by the deputy sheriff who made said return to the execution, that the sale was in fact made on the 9*th of April*, 1839; that the statement in the return, that the sale was made on the 9*th of February*, 1839, was a mistake; and that it should have been that it was made on the 9*th of April*, 1839. This evidence was objected to and the objection was sustained.

We think the evidence of the mistake was admissible. That part of the return to the execution which names the day of the sale was not a material part of the return, *Simonds* v. *Catlin*, 2 Caines' R. 61, and could not therefore be conclusive as to the time of the sale. Whether a material part of the return could be contradicted by parol evidence, we have not examined.

The Court instructed the jury, that if they believed from the evidence that twenty days' notice of the sheriff's sale had not been given, and that *Howe* was the attorney who obtained the judgment, and purchased the land at the sheriff's sale, they should find for the defendant. This instruction is wrong. Supposing *Howe* to have been a purchaser with notice, his grantee, the plaintiff's lessor, was, for any thing shown, a purchaser for value without notice; and such a pur-

chaser is not affected by the notice to his grantor.  1 Story's <span style="float:right">May Term, 1846.</span>
Eq., 4th ed., 437 (1).

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

J. B. *Howe*, for the plaintiff.

*D. H. Colerick* and *W. H. Coombs*, for the defendant.

(1) And a person with notice of an equitable claim, may safely purchase of a person who bought *bona fide,* and without notice of it.  2 Sugd. Vend. 274.—1 Story's Eq. 438.