May Term, 1859.

DAVIS
v.
CAMPBELL.

*W. S. Holman,* for the appellant.

———— · ‑•‑ · ————

DAVIS *v.* CAMPBELL and Others.

A sheriff's sale will be set aside as' erroneous in a direct proceeding, when it would not be held void in a collateral suit.

Where property cannot be sold by the sheriff without appraisement, it cannot be legally offered for sale without appraisement. Such an offer would be a vain act, which no bidder could be expected to notice.

Where the judgment did not direct a sale of real property by the sheriff, without appraisement, and the rents and profits were offered for sale without appraisement, and, no bid being received, the fee simple was sold, it was *held,* that there was no valid offer of the rents and profits, and the sale of the fee simple was, therefore, erroneous.

Where an execution-defendant, during the pendency of a levy upon his real estate, and before the sale, offered personal property to the sheriff, which offer the sheriff disregarded, it was *held,* that the sale of the real estate was erroneous.

*Thursday,*
*May 26.*

APPEAL from the *Randolph* Court of Common Pleas.

PERKINS, J.—Complaint to set aside a sheriff's sale. Answer by the defendant. Trial by the Court. Judgment for the defendant.

The complaint alleged that the property sold was a house and lot; that the judgment did not direct a sale

without appraisement; that no appraisement of the rents and profits was made, though they were offered for sale; that no bid being obtained upon the offer, the fee simple of the property was sold; that while the levy was pending and before the sale, the plaintiff offered other and personal property to the sheriff, and requested that it should be taken, which offer the sheriff disregarded.

The answer denied the complaint. The evidence is upon the record. A motion for a new trial was denied.

The allegations of the complaint were clearly proved. There is no question upon the weight of conflicting evidence, or upon the point as to whether that given proves the allegations of fact in the complaint. The question is one of law alone.

There are two classes of actions in which questions upon the validity of sheriff's sales arise—

1. Those instituted directly for the purpose of setting aside the sale.

2. Those not thus instituted, but in which the question arises collaterally; as in a suit to recover possession of the property sold.

The rules applied in the two classes are different.

A sale will be set aside as erroneous, in a direct proceeding for that purpose, when it would not be held void in a collateral suit.

The Court below seems to have been governed, in deciding this case, by the rules applied in cases where the question arises collaterally. In this, the Court acted upon a wrong principle.

The suit before us is a direct proceeding to set aside a sheriff's sale. And the question is—Was it substantially erroneous?

The code provides that, in cases like the present, property of the execution-defendant shall not be sold without appraisement. 2 R. S. p. 137. It further expressly provides, that the rents and profits of real estate shall be governed by this provision—in other words, that they shall not be sold without appraisement. *Id.* p. 140.

Where property cannot be sold by the sheriff without

May Term,
1859.

appraisement, it cannot be legally offered by him for sale without appraisement. Such an offer would be a vain act which no bidder at the sale could be expected to notice —in other words, no man could be expected to bid upon an illegal offer of sale.

The case, then, stands as though a sale of the fee simple had taken place, without an offer of the rents and profits.

But the code provides that the fee simple shall not be sold till after the rents and profits for seven years have been offered. It was so sold in this case, and the sale was erroneous, at least; we do not say it was not void under any circumstances.

Again; the statute gives the right to the debtor to select the property to be first offered for sale. 2 R. S. p. 136. And further, it provides that personal property shall be first levied on and sold, where the execution-defendant does not direct otherwise. *Ibid.*

On all these grounds the sale in question was erroneous and should have been set aside. We make no decision as to whether the sale would or would not have been held void collaterally.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded with instructions to set aside the sale.

*J. Brown, W. A. Peele,* and *E. L. Watson,* for the appellant.

*S. Colgrove, T. M. Browne,* and *J. J. Cheney,* for the appellees.