## Koons *v.* Ferguson.

Vendor and Purchaser.—Escrow.—A, being a prisoner in the hands of the rebels at *Andersonville*, wrote to his wife authorizing her to sell a tract of land he owned in *Indiana*. The wife, as agent of her husband, executed a written contract with B and C, by which she agreed to sell the land to them for a stipulated price. At the time the agreement was made, it was understood that the land should be sold by the sheriff on a judgment then existing against A, and should be bought in by B and C, in order to vest the title in them. Subsequently B sold and assigned the contract to D for $500, of which sum $200 was paid in hand, B agreeing to procure any further assignment that was necessary. The agreement, with the assignment indorsed, was placed in the hands of a third person, as to the assignment, as an escrow, until the payment of the residue of the price. Before the making of the assignment the judgment against A had been set aside, though this fact was not known to either of the parties. Suit by D to recover the $200 paid by him on the contract. B filed a counter-claim asking judgment for $300, the balance due from D on the contract of assignment.

*Held,* that the assignment, having been delivered as an escrow, remained a mere scroll, and not a consummated contract, until the happening of the condition.

*Held,* also, that in the absence of evidence, the presumption is that C was entitled to an undivided one-half of the equity created by the contract, and B was not entitled to recover the balance due from D without tendering the further assignment of C, or showing that he had no interest.

*Held,* also, that as the existence of the judgment against A, by means of which the title might be vested in the purchaser, was an important consideration in the contract, it was a case of mutual mistake, and D was entitled to rescind and to recover the $200 paid on the contract.

APPEAL from the *Morgan* Circuit Court.

Gregory, J.—*Koons* sued *Ferguson* in the court below to recover back money paid by the former to the latter on a contract of assignment of an executory contract for the conveyance of land, executed by *James L. Roberts* and wife to the latter.

The defendant answered, 1st. General denial. 2d. By way of counter-claim, that he purchased of *Roberts* the lands embraced in the executory contract of sale mentioned and set forth in the complaint; that, at the time of the

purchase, *Roberts*, by his agent, entered into the contract; that by a *bona fide* contract, and without fraud, he sold the contract of purchase to the plaintiff; that, by the terms of the contract, the plaintiff was to be entitled to all the rights and benefits that the defendant had in the contract, and was to assume all the obligations and discharge all the conditions thereof, and was, in addition thereto, to pay the defendant $500; that the plaintiff paid the defendant $200, and promised to pay in five days thereafter the further sum of $300; that the defendant assigned the contract, by indorsement, to the plaintiff, and that the plaintiff had failed to pay the $300. Prayer for judgment. A demurrer was overruled to the 2d paragraph of the answer.

The plaintiff replied, 1st. By general denial. 2d. A special reply which is not necessary to be noticed, as the same question arises on the motion for a new trial. Trial by the court; finding for the defendant for $300; motion for a new trial overruled. The evidence is in the record.

The facts are, that *James T. Roberts* was the owner in fee of the land; that he was a prisoner in the hands of the rebels at *Andersonville*; that, at the *May* term, 1864, of the *Morgan* Circuit Court, one *Williams* obtained a judgment against him for some $1,500; that he wrote to his wife to sell the land and pay the judgment; that the wife, for herself and as agent for her husband, on the 5th of *November*, 1864, executed the contract to the *Fergusons*, in which it is agreed that *James T. Roberts* and *Rachel Roberts* have bargained and sold to *John W. Ferguson* and *Stephen R. Ferguson* the land, describing it, containing 198 and 12-100 acres, more or less, for the sum of $5,000, upon the following terms, to-wit: $1,500 on the 1st of *January*, 1865, or when said *Roberts* makes, or causes to be made, to said *Fergusons* a deed of conveyance for the land; $1,500 on the 1st of *January*, 1866; $1,000 on the 1st of *January*, 1867, and the residue on the 1st of *January*, 1868, for which several sums, except the first payment, notes, and a mortgage on the land

to secure the payment thereof, were to be executed by the *Fergusons* to *Roberts,* waiving relief laws, when the deed was executed. *Roberts* was to deliver the possession of the premises to the *Fergusons* on or before the 25th of *December,* 1864, and the *Fergusons* were to have the wheat then growing on the premises. At the time this agreement was made it was understood between the *Fergusons* and Mrs. *Roberts* that as, in consequence of *Roberts* being a prisoner in the hands of the rebels, at *Andersonville,* a deed could not readily be procured from him, the land was to be sold at sheriff's sale on the *Williams* judgment and purchased in by the *Fergusons.* On the 12th of *November,* 1864, *John W. Ferguson* sold this agreement to the appellant for $500, and indorsed thereon, "I assign the within contract to *George Koons,* (signed,) *John W. Ferguson,*" and agreed to procure any further assignment which might be necessary. The plaintiff at the time paid $200, and agreed to pay the $300 in a few days. The agreement, with the indorsement, was placed in the hands of *John Williams,* as to the assignment, as an escrow, to be delivered to the plaintiff on the payment of the $300. At the time of the agreement between the plaintiff and defendant they both understood that *Roberts* was a prisoner, and that the title was expected to be made through the sheriff's sale on the *Williams* judgment. At the *November* term, 1864, of the *Morgan* Circuit Court, and before the contract between the plaintiff and defendant, the *Williams* judgment was set aside and a new trial granted. The judgment was regular on its face, and neither the plaintiff nor defendant knew at the time of this contract that it had been set aside. *Koons* went to *Martinsville* the next day and learned that the judgment had been set aside, and was advised by counsel that the contract executed by Mrs. *Roberts,* for herself and husband, was void. He then refused to pay the $300, and on the 15th of *April,* 1865, and before the commencement of this suit, put upon the back of the agreement of *Roberts* and wife to the defendant, a

re-assignment to *John W. Ferguson,* and demanded of him the $200 paid. *Roberts* died in prison in *February,* 1865. His widow and children remained in the possession of the land, and, on demand, refused to deliver possession to *Koons.* The latter never got anything under his contract.

The agreement of *Roberts* and wife with the *Fergusons,* with the indorsement of *John W. Ferguson,* was placed in the hands of *Williams,* as to the assignment, as an escrow. Until the performance of the condition it remained a mere scroll in writing, of no more efficacy than any other written scroll. 2 Washburn on Real Property, 2d ed., § 44, p. 614, and authorities there cited. The defendant elected not to trust the plaintiff with a consummated contract. The remedy of the former for a failure to comply with the condition is, that the agreement, with the indorsement, shall not be delivered to the latter.

The agreement was to convey to *John W. Ferguson* and *Stephen R. Ferguson.* There was no evidence in the record to explain why it was that *John W.* alone made the assignment. In the absence of proof, the presumption is that *Stephen R.* is entitled to an undivided half of the equity created by the agreement. We think the defendant had no right to recover from the plaintiff without tendering the further assignment of *Stephen R.,* or showing that he had no interest.

But the most difficult question in the case in judgment is this: Has the plaintiff a right to recover back from the defendant the $200 paid by the former to the latter? The agreement between the plaintiff and defendant was still in parol, the writing was not yet consummated, an important element which induced the plaintiff to become a party to the inchoate act was the existence of the *Williams* judgment, by means of which the title in the vendee could be perfected in the absence of *Roberts.* It is a case, in our opinion, of a mutual mistake of fact, in the absence of which the contract would not have been made. In such a case the party injured may rescind. We think the facts show a

right in the plaintiff to recover of the defendant the $200 paid by the former to the latter. The court below erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to grant a new trial, and for further proceedings.

*W. R. Harrison* and *W. S. Shirley*, for appellant.
*C. F. McNutt* and *A. Ennis*, for appellee.