## CALVERT *v.* LANDGRAF and Others.

MORTGAGE.—*Foreclosure.*—*Priority of Lien,*—A. sold certain real estate to B. to whom he gave a title bond therefor, and B. assigned and delivered said title bond to a certain firm to secure an indebtedness of B. to said firm. Afterwards B. executed a mortgage on said real estate to C., who assigned it to D. Subsequently, A., having been paid for the land, conveyed it in fee simple to the wife of C., said firm surrendering to A. the title bond and accepting from C. and wife, for the debt due said firm less a part thereof thrown of, a note and mortgage on said land, which note and mortgage was, for convenience, taken in the name of one of the partners, this arrangement being made by the consent of B., C. and wife, and said firm; D. having no knowledge of the transaction, and said firm having no actual knowledge of said mortgage held by D., which had been recorded.

*Held,* that the lien of said mortgage to said partner was prior to that made to C. and assigned to D.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—This was a suit to foreclose a mortgage, commenced by the appellant, against Bertha Landgraf, Jacob Landgraf, and Joseph B. Dessar. Dessar sets up a mortgage on the same real estate, and the question, and only question, is as to the priority of lien.

The facts necessary to an understanding of the case are as follows: One Stevens was the owner of the lot. He sold it to Landgraf and wife, and gave them a title bond. They

Calvert *v.* Landgraf and Others.

assigned and delivered the title bond to Dessar, Bro. & Co. as security for the payment of a debt, on the 7th day of March, 1867. On the 13th of December, 1867, Landgraf and wife executed the mortgage on the lot which the plaintiff sought to foreclose, to one Slatter, who afterwards assigned it to the plaintiff.

On the 18th of March, 1868, Stevens, having been paid for the lot, conveyed it in fee simple to Eliza Slatter, Dessar, Bro. & Co. surrendering up to Stevens the title bond and accepting from Slatter and wife notes and a mortgage on the lot for the debt due them, less a part thereof which they threw off. This arrangement was made by the consent of Dessar, Bro. & Co., Landgraf and wife, and Slatter and wife. The notes and mortgage from Slatter and wife for the debt due to Dessar, Bro. & Co., were executed to Dessar, a member of the firm of Dessar, Bro. & Co., for convenience. Dessar, Bro. & Co. had no actual notice of the mortgage of plaintiff, and he had no knowledge of the transaction of March 18th, 1868.

Dessar, Bro. & Co. had the first lien, by virtue of the assignment to them of the title bond. But Calvert insists that on account of their giving up the title bond that the fee might be vested in Mrs. Slatter by the deed from Stevens, and taking the notes and a mortgage on the same premises to secure them, in some way had the effect to postpone their claim and give him priority. We cannot see how this can be so, and we are not referred to any authority in support of the position. The arrangement was no injury to Calvert, but rather a benefit, inasmuch as Dessar, Bro. & Co. threw off a part of their claim, and thereby made it easier, instead of more difficult for Calvert to make his money.

The yielding up of the title bond by Dessar, Bro. & Co. and at the same time taking in lieu thereof the mortgage cannot, we think, be construed into a waiver of their lien, or a postponement thereof. It is true that the form of the security was changed. After the arrangement of March 18th, 1868, Dessar held the evidences of debt instead of the firm of which

he was a member, and he held the notes of Slatter and wife and a mortgage on the lot, instead of the note of Landgraf and the title bond. But the debt was the same, and they had never for a moment given up, or thought of giving up their lien on the property. We do not regard the fact that the mortgage of Calvert was of record as material in the case. His mortgage was always a slender security. It was taken from mortgagors who had no legal title to the property, and had already assigned away all the evidence they had of any equitable claim to the lot. At most, he had only the right to a lien on the equitable interest of Landgraf and wife in the title bond, which had been previously assigned away, and that only entitled him to redeem by paying off the debt to Dessar, Bro. & Co. or to claim subject to it.

Judgment affirmed, with costs.

*J. S. Harvey* and *N. Van Horn,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellees.