## GILPIN v. WILSON.

PLEADING.—*Counter-Claim.*—Where it appears from the facts alleged in an answer that it contains a statement of new matter arising out of or connected with the cause of action, which might be the subject of an action in favor of the defendant, this need not also be directly averred, to constitute a counter-claim.

SAME.—*Action to Recover Real Estate.—Sheriff's Sale.—Counter-Claim.—Demurrer.*—Action for the recovery of the possession of real estate. Answer by way of counter-claim, seeking to quiet the defendant's title to said real estate, by setting aside a sale thereof made to the plaintiff by the sheriff under an execution issued on a judgment in favor of the plaintiff against the defendant, it being alleged that before said sale the defendant pointed out and surrendered to the officer who held said execution for collection personal property to be levied on and sold by him under the execution, of a certain value, and sufficient to satisfy the execution, which the plaintiff knew, but that said officer, confederating with the plaintiff to injure the defendant, refused and neglected to accept said personal property, and, in lieu thereof, without the knowledge or consent of the defendant, levied on and sold for a certain sum to the plaintiff the real estate in question, under said execution; that said real estate consisted of a farm of a certain number of acres; that it was susceptible of division into, etc., several portions, each of which was worth more than said sum bid by the plaintiff, and more than sufficient to satisfy said execution; but that said officer, confederating with the plaintiff as aforesaid, advertised the whole tract for sale and sold it as a whole, as aforesaid, without offering it in the subdivisions into which it was divisible as aforesaid; and the defendant offered to pay the purchase-money and ten per cent. interest thereon and all costs, or such sum as the court might find due to the plaintiff.

*Held,* that it was not necessary to make an exhibit of the judgment, etc., on which the sale was made.

*Held,* also, that the answer was good on demurrer.

*Held,* also, that if the facts alleged in the counter-claim might have been given in evidence under the general denial, which was also pleaded, yet the sustaining of a demurrer to the counter-claim was an available error.

EVIDENCE.—*Sheriff's Return.*—Evidence that on the day on which an execution was levied upon land, and before the levy was made, the execution-defendant pointed out and gave up to the officer who held the execution unincumbered personal property of a certain value, consisting of certain chattels, sufficient to satisfy the execution, which the officer refused to receive, was not evidence tending to contradict a statement in the officer's return that at a certain date the officer demanded payment of the execution defendant, and he directed the officer to levy on real

estate, and in pursuance of said direction, on a certain date, nearly two months after the former date, he levied on certain real estate described.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

*D. Moss* and *F. M. Trissal*, for appellee.

PERKINS, J.—Suit by Robert L. Wilson against John Gilpin, to recover from the latter the possession of the west half of the northwest quarter of section twenty-two, in township eighteen, north, of range three, east, except ten acres off the south end of said tract.

Answer in two paragraphs:

1. The general denial.

2. "The defendant, for further answer to the plaintiff's complaint, and by way of cross-complaint against the plaintiff, says that the judgment on which the execution isssued, upon which said land was sold, was rendered in the Hamilton Circuit Court, at the March term thereof, 1871, on the 17th day of March, 1871, for the sum of three hundred and forty dollars; that the same has been upon interest at six per cent. since that date; that the costs of the rendition of said judgment are taxed at eleven dollars and fifty cents; that the costs accrued since that time, in and about the issuing and levying of said execution and the sale of said land to the plaintiff, are the sum of thirty dollars; and the defendant now offers to pay the plaintiff the full amount of his said purchase-money; that is to say, the full amount that he bid the same off at said sheriff's sale, and ten per cent. interest thereon since the day of his said purchase, together with all legal costs taxed or taxable therein, if he will accept the same and surrender to the defendant his apparent legal title thereto; and in the event of the plaintiff's refusing to accept the same, the defendant asks that the court find the amount now legally due to the plaintiff by reason of his said judgment, which sum the defendant offers to pay the plaintiff, at such time as the court shall direct; because the defendant says that at the time the plaintiff caused the said lands of this

defendant to be levied on, and previous thereto, the defendant pointed out a large amount of personal property to the deputy sheriff of said county, who was charged with the collection of said execution, and surrendered the same to said deputy sheriff, while he held said execution, to be levied upon and sold by said deputy sheriff for the purpose of fully satisfying and paying said execution and all costs thereon; that said property so turned out and given up to said deputy sheriff consisted of horses, cattle, wagons, hogs, sheep and farming utensils, of the value of more than one thousand dollars, and more than enough to fully pay off and satisfy said execution and all interest and costs thereon, all of which the plaintiff then well knew; that said deputy sheriff, combining and confederating with the plaintiff to wrong and injure the defendant, fraudulently refused and neglected to accept said personal property, but in lieu thereof, and without the defendant's knowledge or consent, levied the same on the lands in question, and sold the same to the plaintiff in said execution, the plaintiff in this suit, for the sum of four hundred and thirty-six dollars; that said lands consisted of a farm of eighty acres, which was composed of two distinct forty-acre tracts, upon each of which was situated valuable and permanent improvements; that each of said forty-acre tracts was of the value of three thousand dollars; that each of said forty-acre tracts was susceptible of being again divided into twenty-acre tracts, any one of which twenty-acre tracts would have been more than sufficient to pay the plaintiff's execution, interest and costs; but the more effectually to perpetrate their said intended fraud and injury against the defendant, the said deputy sheriff and the plaintiff, combining and confederating as aforesaid, advertised the whole of said eighty acres for sale, and sold the same as a whole to the plaintiff for the sum of four hundred and thirty-six dollars, without offering it for sale in the proper subdivisions as above averred; wherefore the defendant says that said sale was illegal and void, and said land was sold for a grossly inadequate consideration. He there-

fore asks that said sale be set aside and held for nought; and he asks that said cloud upon his title, created by said sale, be removed, his title quieted, etc., and for all proper relief."

A demurrer to this second paragraph of answer by way of counter-claim, termed by the pleader a cross-complaint, was sustained, and exception taken.

The court erred in sustaining the demurrer to this counter-claim. It did not, it is true, by direct averment, as was the fact in the counter-claim in *Splahn* v. *Gillespie*, 48 Ind. 397, show that it alleged "matter arising out of, or connected with, the cause of action, which might be the subject of an action in favor of the defendant;" but this sufficiently appears from the statement of facts it contains.

It was not necessary that it should make an exhibit of the judgment, etc., on which the sheriff's sale, sought to be set aside, was made. No objection was made to the judgment.

But it is further said, that the facts alleged in the counter-claim were admissible in evidence under the general denial, and, therefore, that the defendant was not harmed by the ruling on demurrer. Suppose it to be true (as to which we here make no decision), that the facts set forth in the counter-claim were admissible under the general denial, that was not a sufficient ground on which to sustain a demurrer to it; because the facts given under the general denial could, at most, only defeat the plaintiff's suit, could only operate in defence of that suit; but that was not all the defendant wanted, nor all he might obtain by his counter-claim. By that he might obtain affirmative relief, a decree quieting his own title. The counter-claim was a direct proceeding by the defendant against the plaintiff, to set aside the sheriff's sale therein alleged. It differed from, and was more favorable to the defendant than an answer simply, in these particulars, at least:

1. Under it the defendant might have his title quieted.

2. The plaintiff, by dismissing his suit, could not take

out of court this counter-claim, while such dismissal would carry out simple answers.

3. The counter-claim was a direct proceeding, or suit, to set aside the sheriff's sale, while a defence made under the general denial would be attacking it collaterally; and a sheriff's sale may be set aside in a direct proceeding for that purpose, where it would not be when attacked collaterally.

But we need not extend remarks on this point. See *Davis* v. *Campbell,* 12 Ind. 192; *Catlett* v. *Gilbert,* 23 Ind. 614; *Hamilton* v. *Burch,* 28 Ind. 233; 2 Rev. Stat. 1876, p. 185, sec. 365.

After the demurrer was sustained to the counter-claim, the cause was tried upon the general denial; judgment for the plaintiff, motion for a new trial overruled, exception, and appeal.

On this trial, some rulings were made and excepted to as erroneous. The following is one of them. After the plaintiff had given in evidence the judgment and execution, by virtue of which the sale of the land was made, and the sheriff's return upon the execution, the defendant offered to prove that, on the day, and before the levy was made on his land, he pointed out and gave up to the deputy sheriff, who then held the execution, unincumbered personal property of the value of one thousand dollars, consisting of hogs, horses, etc., sufficient to satisfy said execution and all costs, etc., which the deputy sheriff refused to receive, etc. It was objected to this testimony, that it was inadmissible, because it would contradict the sheriff's return, and the objection was sustained by the court.. The part of the return which it was supposed the testimony would contradict is as follows:

"This writ came to hand September 18th, 1871, at three o'clock P. M., and on the 30th of September, I demanded payment of defendant, John Gilpin, and said defendant directed me to levy on real estate; and in pursuance of said direction, on the 22d of November, 1871, I levied on the following," etc., the property involved in this suit.

The return states that, on the 30th of September, the defendant directed the sheriff " to levy on real estate," and that on the 22d of November following, nearly two months after the alleged direction to so levy, he did levy on real estate.

The testimony offered by the defendant and rejected was, that on the 22d of November, before the levy on real estate was made, he, the defendant, offered to, and did turn out to the sheriff sufficient unincumbered personal property, etc. There was nothing in the return of the sheriff on this point; the testimony offered and rejected did not tend to contradict any statement in it, and the testimony should have been admitted. *Davis* v. *Campbell, supra.*

What we decide here is, that the testimony did not tend to contradict the sheriff's return, and that the objection to it, on the ground that it did, should not have been sustained. It is proper that we should observe, in order to exclude any inference to that effect, that we do not mean to be understood as intimating that the statement in the sheriff's return, that the defendant directed him to levy on real estate, might not have been contradicted in the trial of this cause. If it was not a proper or material part of the return, it might have been. *Goodtitle* v. *Cummins,* 8 Blackf. 179. Whether it was such, and, if it was, under what circumstances and in what cases it could be contradicted by parol evidence, we have not examined.

See, as to contradiction of a sheriff's return, *Goodtitle* v. *Cummins, supra; Gregg* v. *Strange,* 3 Ind. 366; *Butler* v. *The State, ex rel., etc.,* 20 Ind. 169; *Splahn* v. *Gillespie, supra.*

The judgment is reversed, with costs; cause remanded for another trial, and for further proceedings.