## BIBBLER *v.* WALKER ET AL.

REAL ESTATE, ACTION TO RECOVER.—*Certifying Cause from Justice to Circuit Court.—Jurisdiction.—Pleading.—Equitable Interest Mortgageable.—Lis Pendens.—Sheriff's Sale.—Parties.*—In an action before a justice of the peace against L., as the plaintiff's tenant holding over, to recover possession of real estate, W. was admitted as a defendant, without objection by the plaintiff, and filed his written answer, verified by affidavit, averring that he was the owner of the lands described in the complaint and entitled to the possession thereof, and that L. was his tenant, occupying the lands under a lease from him. Thereupon the justice, deeming that the title to the land was put in issue, certified the cause and papers to the circuit court, where W. filed a counter-claim, setting up title to the land in himself, and his right to the possession against both the plaintiff and L. A motion by the plaintiff to remand the cause to the justice was overruled. Issues were formed, and upon the trial the court made a special finding of the facts which was, in substance, as follows: That on September 7th, 1868, one B. became the owner, by assignment, of certificates to the land in controversy, issued by the proper county auditor, upon a previous entry of such lands, under section 7 of the act of March 2d, 1859, 1 R. S. 1876, p. 948 ; that, while the owner of the lands by virtue of such certificates, B. and wife, on August 28th, 1869, mortgaged the same to W., to secure an indebtedness ; that this

mortgage was duly recorded ; that, in 1873, W. commenced proceedings to foreclose his mortgage, obtained a judgment on October 30th, 1874, and a decree of foreclosure ; that the lands were sold by the sheriff in December, 1874, and purchased by W., to whom the sheriff issued a certificate, and, in due time, a deed, which was duly recorded ; that B., on February 9th, 1874, assigned the certificates to C., to whom, on the 19th of that month, patents were issued for the lands by the State, on the certificates; that the patents were recorded October 24th, 1874 ; that on October 22d, 1874, said C. and wife conveyed said lands by warranty deed to the plaintiff; that this deed was duly recorded ; and that C. was a party defendant to W.'s suit to foreclose his mortgage.

*Held,* that the court did not err in overruling the motion to remand the cause to the justice.

*Held,* also, that, after the cause was certified by the justice to the circuit court, that court was not limited to the jurisdiction of the justice, as in ordinary appeals. It had the case as if it had been originally commenced therein ; and it was not necessary that W. should set up his title in his counter-claim any more particularly than would have been necessary in a complaint to obtain possession of the lands, under section 595 of the code.

*Held,* also, that B. had a mortgageable interest in the lands, that he conveyed to C. only his equity of redemption, which was all the plaintiff took by his deed from C., that W.'s suit to foreclose his mortgage was a *lis pendens* to all these persons, and that W. has title to, and is entitled to possession of, the lands.

PRACTICE.—*Cause for New Trial.*—Error in the admission of evidence can be presented only by a motion for a new trial, in which it is assigned as cause.

SAME.—*Special Finding.—Judgment Non Obstante.*—A motion for judgment notwithstanding the finding will not lie upon a special finding of facts by the court, which does not contemplate a general verdict.

From the Fulton Circuit Court.

*D. Turpie, H. D. Pierce, M. L. Essick,* —— *Holman, K. G. Shryock* and *I. Conner,* for appellant.

*J. S. Slick, R. P. Effinger, L. Walker, E. Calkins, E. F. Ritter, L. C. Walker* and *L. Ritter,* for appellees.

BIDDLE, J.—Complaint before a justice of the peace, by the appellant, against George Levacy, as his tenant holding over, to recover the possession of two tracts of land, which lie adjoining one another and are described in the complaint. The appellee Isaac C. Walker was admitted a defendant before the justice, without any objection from

the plaintiff, and filed his written answer, averring that he was, and now is, the owner of the lands described in the complaint, and is entitled to possession thereof; that the defendant Levacy was his tenant, occupying the lands by a lease from him; and that the plaintiff had no title to the premises described in the complaint, which answer was verified by affidavit. At this stage of the proceedings, the justice, deeming that the title to the land was put in issue by the plea supported by affidavit, without further proceeding, certified the cause and the papers to the circuit court. In the circuit court Walker filed a counter-claim, setting up title to the land in himself, and his right to the possession against both the appellant and Levacy, giving his chain of title in detail; and afterwards filed an amended counter-claim, to the filing of which no objection was made. The appellant moved to remand the cause to the justice's court, which motion was overruled, and exceptions saved. The appellant demurred to the counter-claim of Walker, on the ground that the facts stated therein did not constitute a cause of action. The demurrer was overruled and exceptions reserved. Both parties subsequently amended their pleadings, but in no manner that affected their rights, as either of them could assert his title under the pleadings as they stood before amendment. 2 R. S. 1876, p. 251, sec. 595. Appellant answered the counter-claim of Walker by a general denial. Trial by the court, with a request to state the facts in writing, and the conclusions of law thereon.

The statement of facts found by the court is so long that it is impracticable to set it out at length, and so much in detail that it is unnecessary. The facts which control the case may be stated as follows:

The premises in controversy were originally a part of the lands granted by the United States to the Indiana University. The first tract described in the complaint was entered under section 7 of the act of March 2d, 1859, 1 R.

S. 1876, p. 948, by Griffith Wheeldon, on the 26th day of January, 1861, to whom a certificate of entry was properly issued by the county auditor. This certificate was assigned by Wheeldon to William H. Martin, from Martin to James R. Rannels, from Rannels to Harvey N. Thompson. The second tract of land described in the complaint was entered by William H. Martin, on the 20th day of November, 1862, to whom a certificate of purchase was regularly issued. Martin assigned this certificate to James R. Rannels, who assigned it to Harvey N. Thompson. Thompson, who thus became the owner by assignment of both certificates, which included all the lands in controversy, on the 7th day of September, 1868, assigned both certificates to William E. Bearss, who held the certificates until February 9th, 1874. Both parties derive title indirectly from William E. Bearss, the appellant, as follows:

William E. Bearss, on the 9th day of February, 1874, assigned the certificates to George R. Bearss, to whom, upon said certificates, on the 19th day of February, 1874, patents were issued by the State of Indiana, for the lands described in the complaint, which patents were recorded on the 24th day of October, 1874. George R. Bearss and wife, on the 22d day of October, 1874, conveyed said land, to the appellant by a deed of warranty, which was duly recorded November 2d, 1874, and by which the appellant claims title to the land.

The appellee Walker derives title as follows:

William E. Bearss and his wife, on the 28th day of August, 1869, while he was owner of the land by virtue of the certificates assigned to him by Thompson, mortgaged the land described in the complaint to the appellee Walker, to secure the payment of $1,051, with interest, which mortgage was recorded in Fulton county on the 2d day of September, 1869. Walker commenced proceedings on the mortgage in December, 1873. At the October term, 1874,

of the Fulton Circuit Court, on the 30th day of October, 1874, he obtained a judgment for the amount secured by the mortgage, being $1,601.72, against William E. Bearss, and a decree of foreclosure of the mortgage against said Bearss and wife. George R. Bearss was a party defendant to this suit. By virtue of this judgment and decree, the lands, on the 12th of December, 1874, were sold by the sheriff of Fulton county, and purchased at the sale by Walker, the said appellee, who received a certificate of purchase from the sheriff, upon which the sheriff, after the expiration of one year from the sale, duly executed a deed to Walker, which deed was recorded in Fulton county on the 8th day of January, 1876, and by virtue of which Walker claims title to the lands in controversy.

Upon the finding of these facts, the court stated several conclusions of law on the different questions arising in the case, which we need not set out here, as we think they all fall within the final conclusion, numbered 10, which is:

"That the defendant Isaac C. Walker is the owner of the lands which constitute the subject of this action, and is entitled to possession of the same, and that, as to him, the deed to the plaintiff is of no avail."

The appellant excepted to the conclusions of law upon the finding, and also moved for a new trial, which motion was overruled, and exceptions reserved. Judgment for Walker, for possession of the land, and for costs. Appeal.

The counsel for appellant discuss the following questions in their brief:

1. That the court erred in overruling the motion to remand the cause to the justice of the peace.

The counsel's argument is, that the complaint of the appellant against Levacy, without any written answer having been filed to it by Levacy, does not put the title

Bibbler *v.* Walker *et al.*

to the land in issue ; that Walker was wrongly admitted as defendant thereto, and therefore had no right to file his answer putting the title to the land in issue, as between himself as one party, and Levacy and the appellant as the other party, and thus oust the jurisdiction of the justice.

It may be answered to this, that the appellant made no objection to admitting Walker as a defendant to the action; and we can not see anything on the face of Walker's answer, nor anywhere in the case, to show us that he was improperly admitted; and, by Walker's answer, it appears clearly that the title to the land described in the complaint was " put in issue by plea supported by affidavit." It follows, that the court did not err in refusing to remand the case. *Wall* v. *Albertson,* 18 Ind. 145.

2. That the court erred in overruling the demurrer to the counter-claim of Walker.

The argument made in support of this point is, that Walker's title was simply an equitable one, and that an equitable title will not support an action in ejectment.

We do not see why Walker's title was not sufficient to maintain his possession. It is true that the title of William E. Bearss to the lands, when he made the mortgage to Walker, was merely equitable ; but an equitable interest in lands may be mortgaged. *Westfall* v. *Stark,* 24 Ind. 377 ; *Calvert* v. *Landgraf,* 34 Ind. 388.

The legal title passed into George R. Bearss when he received the patents for the land, but his legal title was subject to Walker's mortgage. William conveyed nothing more to George than his equity of redemption in the lands, against Walker's mortgage, and George conveyed nothing by his deed to the appellant, except the same equity of redemption. At the time Walker commenced proceedings to foreclose the mortgage, the legal title to the land was in George R. Bearss, who was made a party defendant to the proceedings, and the appellant had constructive notice,

if not actual, of the pendency of the suit. During the pendency of the suit, on the 24th day of October, 1874, George conveyed the land to the appellant. The decree foreclosing the equity of redemption was rendered on the 30th day of October, 1874. This decree forecloses the equity of redemption against George R. Bearss, because he was a party to the suit; and, as the appellant had con-structive notice of the pendency of the suit, and took his title from George during its pendency, he can stand on no stronger ground against the decree than George himself could. Thus, it seems plain, that the legal title being in the appellant at the time the decree was rendered foreclos-ing the equity of redemption, and he being bound by the decree, and by the sale of the land under the decree to Walker, and his sheriff's deed, put the sufficient title in Walker. All the title of the appellant, by the decree, sale and sheriff's deed, passed to Walker. *Muir* v. *Berkshire,* 52 Ind. 149; *Emily* v. *Harding,* 53 Ind. 102; *McMannus* v. *Smith,* 53 Ind. 211; *Gilpin* v. *Wilson,* 53 Ind. 443.

But it is urged that George R. Bearss was not a party to the suit for foreclosure. We think he was. He was sum-moned, appeared, and demurred to the complaint. It is true, the case went off as to him on his demurrer, before the final decree was rendered, because the court held that he was not bound to Walker, upon another ground, namely, as the grantee of William E. Bearss; but he had the opportunity to defend against the mortgage, and to redeem the land from its lien before the final decree. He did neither, and must be held as bound by the record. Besides, George took the assignment of the certificates from William during the pendency of the suit, and therefore had notice of it as a *lis pendens.*

After the cause was certified by the justice to the circuit court, that court was not limited to the jurisdiction of the justice, as in ordinary appeals. It had the case as if it had been originally commenced therein; and it was not neces-

sary that Walker should set up his title in his counter-claim any more particularly than would have been neces-sary in a complaint to obtain possession of the land, under section 595 of the code. That the counter-claim fulfilled these requisites can not be doubted. In our opinion it is sufficient.

3. The appellant's counsel also discuss the conclusions of law as stated by the court. If we are right in holding that the counter-claim of Walker was sufficient, and that he had a sufficient title in the lands to entitle him to pos-session, we will not be mistaken in holding that the con-clusions of law, as stated by the court, are correct.

4. The admission of certain assignments of the land certificates as evidence at the trial is complained of as error; but these questions are not presented by the record. They could be presented only by a motion for a new trial in which they were assigned as causes. Indeed, in this case the motion for a new trial presents no question of evidence at all. The causes assigned are as fol-lows.

" 1. Because the findings of the court are contrary to law;

"2. That the conclusions of law are not sustained by the findings upon the facts;

"3. That the conclusions of law are contrary to the finding upon the facts."

As these causes do not present the questions of evidence discussed, we can not decide them.

5. It is also claimed on behalf of the appellant, that the court, on the motion made by appellant, should have rendered "judgment for the plaintiff, notwithstanding the finding for the defendant," upon the ground that the ap-pellant had a legal and sufficient title to the land, and Walker only the equitable title. As we have held that Walker had the legal title, and was entitled to recover the

possession of the land, we need not examine this question any further. Besides, we do not think that such a motion will lie upon a special finding of facts by the court, which does not contemplate a general verdict. In such cases, "the court shall first state the facts in writing and then the conclusions of law upon them." Perhaps, if the court, in stating the facts, should also make a general finding, the latter would be immaterial; but we do not decide this point.

The judgment is affirmed, at the costs of the appellant.

### ON PETITION FOR A REHEARING.

BIDDLE, J.—No questions except those considered in the original opinion have been argued on the petition for a rehearing, but they have been more fully discussed.

1. It is insisted, that William E. Bearss had no mortgageable interest in the lands, at the time he and his wife executed the mortgage to Walker; that, as he had no leviable interest in the lands at the time, he therefore had no mortgageable interest in the lands.

But it does not follow, because William E. Bearss, at the time the mortgage was executed, had no interest in the land which could be levied upon at law, that, therefore, he had no interest therein that he could mortgage in equity. He had an interest which he could sell and assign, and what can be sold and assigned can be mortgaged. Besides, whatever we might decide if the question was one of first impression, we are constrained by the authorities of our own court, cited in the opinion, to hold that an equitable interest in lands can be mortgaged.

2. It is also contended that the appellant was not affected by the *lis pendens* at the time he purchased the land. We think he was, and that George R. Bearss, his vendor, and William E. Bearss, the vendor of George, were also affected by the *lis pendens*; and, being so affected, neither vendee in the line of title could take any more

interest in the land than his vendor had at the time of his conveyance. Holding that William E. Bearss had an interest in the land which he could mortgage, after he executed the mortgage and it was duly recorded, there could be no suit on the mortgage affecting the land *in rem*, that would not be a *lis pendens* to all the world. But we do not think the case turns upon the question of *lis pendens*. As George R. Bearss took the land from William E. Bearss subject to the mortgage, so the appellant took the land from George R. Bearss subject to the mortgage. Neither George R. Bearss nor the appellant took any thing by their purchase, except the equity of redemption in the land ; and, if Walker had not commenced his suit until after the appellant had obtained his title from George R. Bearss, neither George R. Bearss nor the appellant could have resisted Walker's mortgage on any more advantageous grounds than William E. Bearss could have done, in the first instance. Walker's rights, under his mortgage, could not be affected by any succession of titles, derived originally from William E. Bearss, after the mortgage was executed and recorded. The rights of a mortgagee, when the mortgage is duly recorded, can not possibly be affected by a sale of the land by the mortgagor. See the *lis pendens* act. Acts 1877, Spec. Sess., p. 54.

3. It is further urged that the action being in ejectment, and Walker holding nothing more than the equitable title which William E. Bearss conveyed to him by the mortgage, he therefore could not maintain an action in ejectment. We need not decide that Walker held the legal title, for we have decided at the present term, in the case of *Burt* v. *Bowles, ante*, p. 1, that any person, under section 592 of the code, having a valid subsisting interest in real property, whether legal or equitable, which entitles him to the possession thereof, may recover the same in an action of ejectment. At all events, after the foreclosure of the

mortgage, and the sale of the land to Walker, all the title either the Bearsses or the appellant ever had in the land was extinguished.

Upon full consideration, we overrule. the motion for a rehearing.