Burkam *et al. v.* Burk *et al.*

No. 8028.

BURKAM ET AL. *v.* BURK ET AL.

DEED.—*Escrow.*—*Mortgage.*—*Pleading.*—*Exhibit.*—Where the owner of an equitable estate executes an instrument to secure a debt without describing the land in it, and at the same time, and as a part of the same transaction, executes a deed containing an accurate description, and leaves it in escrow to be delivered to the other party upon default of payment, in a suit to enforce such lien such deed is a proper exhibit, and the description therein contained will supply the want of one in the other instrument.

SAME.—*Title.*—A deed while held as an escrow conveys no title.

MORTGAGE.—*Equitable Estate.*—The owner of an equitable estate may mortgage the same, and such estate may be sold upon a foreclosure.

SAME.—*Foreclosure.*—*Misdescription.*—*Reformation.*—Where a mortgage misdescribes the land, the same may be reformed and foreclosed, notwithstanding the fact that it has already been foreclosed by such mistaken description.

PRACTICE.—*Exception.*—No question is presented by a ruling upon a demurrer unless an exception is saved.

SAME.—*Judgment.*—*Harmless Error.*—Where it appears affirmatively that the judgment was not rendered upon a given paragraph of a complaint, no available error was committed in overruling a demurrer to such paragraph, though the same was insufficient.

From the Dearborn Circuit Court.

*F. Adkinson, G. M. Roberts* and *W. S. Holman,* for appellants.

*J. D. Haynes, J. K. Thompson* and *W. H. Bainbridge,* for appellees.

BEST, C.—Rebecca Guard and Timothy, her husband, executed, as was alleged, a mortgage upon the real estate in the complaint described, to James Burk, one of the appellees, and he brought this action against Timothy Guard, the husband, and against various persons as the heirs at law, of Rebecca Guard, who had died intestate, and against James Burkam, one of the appellants, and several other persons as subsequent lien holders, to foreclose said mortgage.

A demurrer to the complaint for the want of facts, by Joseph Burkam and by the other appellants, some of whom are

children and the others grandchildren of Rebecca Guard, deceased, was overruled.

A demurrer to the fourth paragraph of the cross complaint of the appellant Joseph Burkam was sustained, and a demurrer to the second and third paragraphs of the cross complaint of Edward Hayes was overruled.

Issues were formed, trial had and finding made in favor of the appellee James Burk, against all the defendants, and in favor of Edward Hayes, against all the other defendants. A motion for a new trial by Joseph Burkam was overruled, and judgment was rendered upon the finding.

These several rulings are assigned as error by him, and the other appellants assign as error the ruling upon the demurrer to the complaint.

The complaint averred, in substance, that on and prior to the 20th day of October, 1873, one Sarah E. Hayes was the owner of the land described, and on that day entered into an agreement with said Rebecca Guard and Timothy Guard, her husband, whereby, in consideration of their agreement to pay a certain judgment of $558, within a specified time, and to pay the costs accrued and to accrue in a certain partition proceeding, and to pay her annually thereafter during her life $100 on the 3d day of October of each year, and to pay the taxes that should, from time to time, be assessed upon said land, she would execute to said Rebecca a deed of conveyance to be delivered at said Sarah's decease, and she would allow them to occupy and enjoy said real estate and the rents and profits therefrom during her life; that in pursuance of said agreement said Sarah E. Hayes, on the 17th day of December, 1873, executed a deed to them for said premises, and delivered it to one Francis Adkinson to be by him held as an escrow until the death of said Sarah E. Hayes, when it was to be delivered to Rebecca Guard, in the event that she and her husband had then fully complied with their contract; that prior to the 2d day of April, 1874, said judgment of $558 had been fully paid to said Sarah E.

Hayes; that the taxes and costs had been fully paid, and that said agreement had been fully kept and performed by them; that on said day said Rebecca Guard and Timothy Guard, her husband, executed to James Burk an instrument in writing to secure the payment of a note of $1,332 due on the 1st day of April, 1875, which he then held against said Timothy Guard, and stipulated that if said sum, as well as certain costs which he was authorized to pay, should not then be repaid, their title to said premises should become absolute in said Burk, and he should be entitled to be subrogated to all their rights under their contract with and by virtue of their deed from said Sarah E. Hayes, and for the purpose of fully investing said Burk with their title in case said debt should not be paid, they, at the same time and as a part of said contract, executed a deed to him for said land and placed it in the hands of N. S. Given, to be by him delivered to said Burk upon the death of said Sarah E. Hayes, upon condition that the debt should not then be paid. It was further averred .that the debt had matured and remained unpaid; that costs and taxes had been paid and not refunded, etc.

The first objection made to the complaint is that the land upon which the mortgage is sought to be foreclosed is not described. No description is found in the body of the complaint, but the deed made by the mortgagors contains a description, and a copy of this deed accompanies the complaint, and is made a part of it. It is insisted, however, that this copy is not a proper exhibit, and that it can not, therefore, supply the description. This depends upon its nature, and the character of the suit. The fact that it was placed in escrow, and that no title can be deduced through it until delivery renders the question exceedingly doubtful. It is certain that alone it does not constitute the foundation of the action. It was, however, as it averred, executed at the same time and as a part of the contract creating the lien the appellee seeks to enforce, and this fact, as it seems to us, renders it a proper, if not a necessary, exhibit in connection with the contract, a

copy of which was also filed. At all events the question is doubtful, and as the objection does not affect the substantial merits of the controversy, we do not think the complaint should be deemed insufficient for such reason.

The next objection urged by Joseph Burkam is that the complaint shows that Rebecca Guard had no title which she could mortgage. It is assumed that she could not mortgage the land until she acquired the legal title, and as this had not been done her mortgage created no lien.

The deed of Sarah E. Hayes was in escrow, and until delivery conferred no title. This is well settled. *Koons* v. *Ferguson*, 25 Ind. 388; *Berry* v. *Anderson*, 22 Ind. 36.

It does not, therefore, follow that she had no interest in the land which she could mortgage. By her purchase she became the owner, and while she was not invested with the legal title, she was with an equitable estate, and this was the subject of mortgage. *Westfall* v. *Stark*, 24 Ind. 377; *Calvert* v. *Landgraf*, 34 Ind. 388; *Bibbler* v. *Walker*, 69 Ind. 362.

The fact that the purchase-money had not been fully paid does not affect the character of her estate, but only the extent of her interest. This, under her contract of purchase, however small, was an equitable interest, and such interest is subject to mortgage, as before stated. This objection, therefore, can not prevail.

It is also insisted that such interest as she acquired by her purchase is not subject to sale upon an execution. This may be conceded, and yet it does not follow that the court possessed no power to order such interest sold. We think its authority to make the order can not be successfully questioned. This disposes of all the objections to the complaint, and as neither of them is well taken, it must be deemed sufficient.

The appellant Joseph Burkam next insists that the court erred in sustaining a demurrer to the fourth paragraph of his cross complaint. The record fails to show that an exception

was reserved to this ruling, and hence no question is presented by it in this court. *King* v. *Summitt*, 73 Ind. 312 (38 Am. R. 145).

The next assignment is that the court erred in overruling the demurrer to the second and third paragraphs of the cross complaint of Edward Hayes. The record shows affirmatively that the judgment rendered in favor of Edward Hayes was not based upon the second paragraph of his cross complaint, and it therefore follows that he was not injured by such ruling, if erroneous. As an error of such character will not work a reversal of the judgment, we will not examine the pleading. *Olds* v. *Moderwell*, 87 Ind. 582.

The third paragraph of Edward Hayes' cross complaint alleged that he held a mortgage upon a portion of the premises in dispute, which was prior to any lien or claim of appellant Burkam and the other parties to said action; that said mortgage misdescribed said land; that it was foreclosed and sold to him by such misdescription; that all the parties had full notice of such mistake in the description of the premises when they acquired their respective liens. Prayer for a reformation and foreclosure of the mortgage.

This paragraph was sufficient. Such mortgages may be reformed and foreclosed notwithstanding a previous foreclosure by such mistaken and erroneous description. This has several times been decided by this court. *Conyers* v. *Mericles*, 75 Ind. 443; *Jones* v. *Sweet*, 77 Ind. 187; *Sanders* v. *Farrell*, 83 Ind. 28. There was, therefore, no error in this ruling.

The ruling upon the motion for a new trial is not urged as error, and, therefore, will not be further noticed.

This disposes of all the questions in the record, and as we are of opinion that no error 'has intervened, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed in all things, at the appellants' costs.

Filed June 19, 1884.